IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

WILLIE ROCHELLE GENERAL                                                                    PLAINTIFF

               v.                           Civil No. 1:13-cv-01001

SHERIFF MIKE MCGOUGH;
LT. GREER; JUDGE H. SINGLETON;
and MARK KLAPPENBACH                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Willie Rochelle General filed this case *pro se* pursuant to 42 U.S.C. § 1983 on January 2, 2013. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (ECF No. 4); and the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.     BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Union County Detention Center ("UCDC") in El Dorado, Arkansas. Plaintiff's address of record indicates he is still incarcerated in the UCDC.

In Plaintiff's Complaint, he names Sheriff Mike McGough, Lt. Greer, Judge H. Singleton, and Mark Klappenbach as Defendants. Plaintiff alleges: (1) Sheriff McGough and Lt. Greer refused

1

to sign his appeals or grievances (ECF No. 1, p. 5); (2) Judge Singleton is the judge on his appeal of aggravated assault and terroristic threatening (ECF No. 1, p. 5); (3) Public Defender Klappenbach is not his attorney but was in court on September 27, 2012 on his aggravated assault and terroristic threatening charges (ECF No. 1, p. 5); (4) he does not have an aggravated assault charge (ECF No. 1, p. 5); and (5) he did not get his appeal of his aggravated assault charge back from Sheriff McGough (ECF No. 1, p. 6).  Plaintiff also makes some complaints about his court date but it is unclear what Plaintiff is alleging related to this fact.

## II.   APPLICABLE LAW

In reviewing Plaintiff's IFP Motion, there is a two step process followed by the Court: (1) determine whether Plaintiff's economic status satisfies section 1915(a) requirements and, if it does, grant the Motion; unless (2) the Court determines the cause of action stated in Plaintiff's Complaint is frivolous or malicious. *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).  If the causes of action stated in the Complaint are frivolous or malicious, the Complaint must be dismissed. *Id.; see also* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A) (during screening the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### III. DISCUSSION

In his IFP Motion, Plaintiff states he does not receive any funds. The records from the UCDC indicate his monthly balance averages is $59.17. ECF No. 4. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status. The Court, however, will not grant Plaintiff's IFP Motion because Plaintiff's claims are frivolous and fail to state claims upon which relief may be granted.

While it is difficult to ascertain exactly what Plaintiff is claiming, it appears Plaintiff is challenging his charges of aggravated assault and terroristic threatening or the fact that he is still confined on these charges awaiting a trial date. Plaintiff may not use the civil rights statutes as substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. *See e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 483-89 (1994); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (*habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement). Accordingly, Plaintiff's claims regarding his confinement in the UCDC or his charges fail to state cognizable claims under section 1983.

Further, Judge Singleton is immune from suit under section 1983. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in

3

nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).

Plaintiff has failed to allege any action by Judge Singleton that was nonjudicial or taken without jurisdiction. Accordingly, Judge Singleton is immune from suit.

Additionally, Public Defender Klappenbach is not subject to suit under § 1983.[1] A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983; *see also DuBose v. Kelly,* 187 F.3d 999, 1002 (8th Cir.1999). Public Defender Klappenbach was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson,* 454 U.S. 312, 324 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings."). Accordingly, Plaintiff has failed to state cognizable claim under section 1983 against Public Defender Klappenbach.

Finally, Plaintiff does not have an independent constitutional right to a grievance procedure. *See Lomholt v. Holder,* 287 F.3d 683, 684 (8th Cir. 2002) (quoting *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993)). A jails failure to process an inmate's grievances, without more, is not

---

[1] The Court notes that Plaintiff initially alleges that Public Defender Klapenback is not his attorney but then alleges he was in court with Plaintiff on Plaintiff's aggravated assault and terroristic threatening charges. The Court interprets these statements to mean that Public Defender Klappenbach did represent Plaintiff in regards to these charges.

4

actionable under section 1983. *Buckley,* 997 F.2d at 495.

## IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 4) be **DENIED** and the Complaint (ECF No. 1) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). Therefore, I recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of September 2013.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE